Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6895 | **DATE** | 9/29/2000 |
| **CASE TITLE** | SECURITIES & EXCHANGE COMMISSION vs. CHARLES RICHARD HOMA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court denies Florida Construction and Development Corporation's motion to intervene [103-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 29 2000 | |
| | Notified counsel by telephone. | | date docketed | 365 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FD-7 FILED FOR DOCKETING 00 SEP 29 PM 2:55 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | **DOCKETED** SEP 2 9 2000 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Judge Ronald A. Guzman 99 C 6895 |
| CHARLES RICHARD HOMA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Florida Construction & Development Corp. ("FC&D"), is a creditor of GMD Aviation LLC ("GMD"), in which defendant Homa owns a substantial membership interest. FC&D has moved to intervene as a defendant pursuant to Fed. R. Civ. P. ("Rule") 24. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

## FACTS

Defendant Homa owns a substantial ownership interest in GMD. GMD operates a fixed based operation at the Gwinnett County Airport in Lawrenceville, Georgia and provides services and support to aircraft using the airport. FC&D alleges that on November 23, 1998, GMD entered into a contract with it to provide construction services for a variety of GMD's expansion activities. GMD made progress payments to FC&D but allegedly owes the contract balance of $2,388,991.41 to FC&D. In late 1999, Phillip S. Stenger was appointed as the Receiver over the assets of Homa and Gause. FC&D now moves to intervene and the SEC opposes the motion.

## DISCUSSION

First, the SEC argues that FC&D is statutorily barred from intervening in this matter by Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(g). This statute provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, United States Code, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g).

FC&D argues that courts have held that Section 21(g) does not automatically bar intervention in SEC enforcement actions because that provision does not specifically mention intervention. *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 949-50 (8th Cir. 1983), *SEC v. Credit BanCorp, Ltd.*, 194 F.R.D. 457, 465-66 (S.D.N.Y. 2000), *SEC v. Prudential Sec., Inc.*, 171 F.R.D. 1, 2-5 (D.D.C. 1997). According to these courts, Congress' omission of the word "intervention" shows that it was primarily concerned with the consolidation and coordination required for multidistrict litigation. *See Flight Transp. Corp.*, 699 F.2d at 950; *Credit BanCorp, Ltd.*, 194 F.R.D. at 466; *Prudential Sec., Inc.*, 171 F.R.D. at 4. However, despite Congress' failure to specifically mention Section 21(g)'s applicability to cross-claims, counter-claims, and third-party claims, numerous courts have concluded that Section 21(g) bars such claims. *See Prudential Sec., Inc.*, 171 F.R.D. at 3-4 (listing cases in which cross-claims, counter-claims, and third-party claims are barred by Section 21(g)). In such cases, the Court finds that the general terms of Section 21(g), *i.e.*, "consolidated" and "coordinated," appropriately received a general construction. Exceptions not made by the text of the statute should not be read into it by courts

2

that are entrusted to apply the law as written.

Furthermore, the language of Section 21(g) is plain and unambiguous, and therefore it must be given effect. *SEC v. Egan*, 821 F. Supp. 1274, 1275 (N.D. Ill. 1993); *SEC v. Wozniak*, No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993). The statute plainly states that "no action for equitable relief instituted by the Commission . . . shall be consolidated or coordinated with other actions not brought by the Commission . . . unless such consolidation is consented to by the Commission." 15 U.S.C. § 78u(g). In addition, the Supreme Court noted in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331-32 n.17 (1979), that the application of offensive collateral estoppel in that case would not be rewarding a plaintiff who could have joined in the previous action, "since the respondent probably could not have joined in the injunctive action brought by the SEC even had he so desired." *Id.* Citing 15 U.S.C. § 78u(g), the Court emphasized that "consolidation of a private action with one brought by the SEC without its consent is prohibited by statute." *Id.* Because the plain language of 15 U.S.C. § 78u(g) clearly bars FC&D's joining the SEC's enforcement action as a party, the Court denies the motion to intervene.

Even if the Court were to hold that 15 U.S.C. § 78u(g) did not bar FC&D's intervention, the Court would still deny FC&D's motion because the Court finds that FC&D fails to meet the requirements under Rule 24(a) and 24(b). We address each in turn.

To intervene as a matter of right, FC&D must satisfy four requirements: (1) "its application must be timely;" (2) "it must have an interest relating to the subject matter of the main action;" (3) "as a practical matter, that interest must be at least potentially impaired by the disposition of that action in its absence;" and (4) "that interest may not be already adequately

represented by one of the existing parties to the action." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs.*, Ltd., 736 F.2d 384, 386 (7th Cir. 1984). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Id.*

The Court denies FC&D's motion to intervene as a matter of right because its interest in GMD's funds will not be impaired by the disposition of the SEC enforcement action without FC&D. The Court is bound to follow *Commodity Futures Trading Commission v. Heritage Capital Advisory Services, Ltd.*, a case in which the Seventh Circuit denied a company's motion to intervene as a matter of right in part because the company could assert its constructive trust claim before the receiver. *Id.* at 386-87. In this case, FC&D has asserted before the Receiver its claim of approximately $2,500,000 it alleges is due and owing on its contract with GMD, and the Receiver is currently reviewing the validity of that claim. (*See* Receiver's Mem. Opp. FC&D's Mot. Lift Stay Order, at 2-5.) Further, FC&D has obtained approval from the Receiver and the Court for its filing a mechanic's lien in Georgia on the improvements made to the airport facility. (*See id.*, Ex. Tr. of 1/11/00, at 28-31.) In addition, the Receiver may not disburse the net proceeds from the sale of GMD's primary assets, the Lear and Challenger aircraft, or any of the frozen assets or funds of defendants without prior approval of this Court. (*See* 6/22/00 Order Approving Sale of Aircraft Owned By GMD (Challenger), at 10; 6/22/00 Order Approving Sale of Aircraft Owned By GMD (Lear), at 11; Order Appointing Receiver for Defendant Michael Gause and Protected Entities of 12/10/99, ¶ J; Order Appointing Receiver for Charles Richard Homa and Affiliates of 11/2/99, ¶ 5.) Thus, it is clear that, as a practical matter, FC&D may obtain and has obtained the district court's review of matters that affect FC&D's interest.

Although as a practical matter FC&D and other creditors may assert their claims before the Receiver and challenge the Receiver's recommendations, the Court is concerned by the lack of specific procedures in which to do so. While the subject of these procedures was broached at a hearing on January 11, 2000, which attorneys representing the SEC, defendants, the Receiver, and FC&D attended, to date, the Court is unaware of any progress in the formation of such procedures. Therefore, the Court orders the Receiver to establish procedures by which creditors may: (1) file their claims with the Receiver; (2) receive a reasonably prompt determination of their claims from the Receiver; and (3) challenge the Receiver's recommendation for the disposition of funds and receive a final adjudication by the Court regarding the disbursement of such funds.

The Court finds that this instruction is in full accordance with the power and duty of the Receiver to "[u]se reasonable efforts to determine the nature, location and value of all assets and property owned by or in the possession of the defendants and the Receivership Property" and is not meant to modify the orders appointing the Receiver in any way. (*See* Order Appointing Receiver for Defendant Michael Gause and Protected Entities of 12/10/99, ¶ B; Order Appointing Receiver for Charles Richard Homa and Affiliates of 11/2/99, ¶ 1.B.) Further, a creditor's bringing its claims before the Receiver does not interfere with the Receiver's taking control, possession, or management of the receivership property and the assets owned, controlled or in possession of the entities in receivership. A creditor's claim before the Receiver recognizes that the Receiver controls, possesses and manages such property and assets and merely seeks a determination of the validity and priority of its claims upon the final disposition of the frozen funds and assets. Even the Receiver conceded in open court that he anticipates that "at that final

day the creditors can make claims for disgorgement and the receiver in his determination will be involved in distributing whatever funds have been marshalled in the process of this action." (*See* Receiver's Mem. Opp. FC&D's Mot. Lift Stay Order, Ex. Tr. of 1/11/00, at 28.) Therefore, the Court holds that its current instruction to the Receiver does not require modification of the orders creating the receivership.

Next, FC&D argues that the Court should grant permissive intervention in this case. Rule 24(b) provides in pertinent part: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972).

FC&D's breach of contract claim and the SEC's securities fraud claims do not have a question of law in common. In order to determine whether defendants violated the securities laws, the Court need not determine whether a contract was formed between FC&D and GMD, whether FC&D performed its obligations under the contract, or whether GMD breached the contract. In addition, the questions of fact relevant to the alleged securities law violations have nothing in common with the questions of fact in a breach of contract case. Lastly, as discussed above, the Court has determined that the fairest and most efficient method of handling this case, which involves a multitude of parties and claims, is to have FC&D bring its claim before the

6

Receiver instead of allowing it to intervene.

## **CONCLUSION**

For the foregoing reasons, the Court denies Florida Construction and Development Corporation's motion to intervene [103-1]. As discussed in this Memorandum Opinion and Order, the Court orders the Receiver to establish procedures by which creditors may: (1) file their claims with the Receiver; (2) receive a reasonably prompt determination of their claims from the Receiver; and (3) challenge the Receiver's recommendation for the disposition of funds and receive a final adjudication by the Court regarding the disbursement of such funds. The Receiver shall submit such procedures to the Court by October 27, 2000 for the Court's approval.

**SO ORDERED**                          ENTERED: 9/29/00

                                                       HON. RONALD A. GUZMAN
                                                        **United States Judge**